UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>(1) WILL D. ALLEN and )<br>(2) SUSAN C. DAUB, )<br>)<br>Defendants ) | No. 15-cr-10181-WGY |

## [PROPOSED] PROTECTIVE ORDER

Upon consideration of the government's Assented-To Motion for a Protective Order, it is hereby **ORDERED** that:

1) The discovery materials produced by the government in this case may be used by the defendants, defendants' counsel, and any employees or agents of defendants' counsel solely in the defense of this case and for no other purpose and in connection with no other proceeding, other than *Securities and Exchange Commission v. Capital Financial Partners, et al.*, No. 15-cv-11447-IT (D. Mass.).

2) Defendants' counsel and the defendants shall not disclose any discovery materials, directly or indirectly, to any other person except those assisting the defense, persons who are interviewed as potential witnesses, or potential experts during the course of and as necessitated by the investigation and defense of this case.

3) Except as set forth below, copies of discovery materials may only be shown to or played for, and not given to potential witnesses. Defendants' counsel shall redact any social security numbers, dates of birth, home addresses, names of minor children, and financial account

1

numbers of third parties ("Confidential Information") from the copies of materials shown to or played for such witnesses. However, if the materials shown to or played for a particular witness contain Confidential Information of that particular witness, such Confidential Information need not be redacted from the materials shown to or played for that witness. In the case of any expert witness, a defendant's counsel is permitted to disclose un-redacted discovery materials to said expert witness so long as the expert witness (a) has signed the attached Agreement To Be Bound By Order and this signed document has been filed with the Court as set forth in Paragraph 4 below, and (b) returns all discovery materials, any copies thereof, and any documents reflecting the Confidential Information contained in the materials, to the defendant's counsel at the conclusion of the case.

4) When disclosing discovery materials as set forth herein, a defendant's counsel must inform the recipient that the materials are provided subject to the terms of this Protective Order and that the recipient must comply with the terms of this Protective Order. Each potential witness to whom such disclosure is made shall sign the attached Agreement To Be Bound By Order, ~~and the defendant's counsel shall file such an endorsed copy with the Court. Such filings may be made *ex parte* and under seal.~~ which shall be maintained by defendants' counsel until the conclusion of this case. /WGY/

5) Defendants' counsel shall inform the defendants of the provisions of this Protective Order, and direct them not to disclose or use any information contained in the government's discovery in violation of this Protective Order;

6) Any discovery materials containing Confidential Information of third parties shall be destroyed by defense counsel or returned to counsel for the government at the conclusion of this case.

To the extent any protected materials are sought by the defendants for use in parallel civil

2

proceedings, limited disclosure shall be subject to express prior approval from the government. However, nothing contained in this Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

DATED: August 7, 2015

_____
THE HONORABLE JENNIFER C. BOAL
CHIEF UNITED STATES MAGISTRATE JUDGE

## AGREEMENT TO BE BOUND BY ORDER

    I hereby acknowledge that I have read the contents of the above protective order entered in *United States v. Allen, et al.*, 15-cr-10181-WGY, and have had the terms explained to me. I agree that the order applies to me, that I am bound by its terms, and that I shall comply with its terms.

                           _____

                           NAME:

                           _____

                           DATE