

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*　　　*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 15, 2016

Brad Bailey, Esq.
10 Winthrop Square, 4th Floor
Boston, MA 02110

Oscar Cruz, Esq.
Assistant Federal Defender
51 Sleeper St.
Boston, MA 02210

　　　Re:　United States v. Allen, et al.
　　　　　Criminal No. 15-cr-10181-WGY

Dear Counsel:

　　　I write in response to your letter of August 1, 2016, addressing each of your nine numbered discovery requests in turn.

　　　1.　You asked for any and all documents or other materials disclosed to the government by Investor B but not already disclosed to you. To supplement the documents produced to you as part of automatic discovery on August 10, 2015, for which Individual B is identified as the custodian (USAO-CFP-00019295–19584), we will this week produce to you, as part of the production you requested in item 5 below, documents received from Investor B after the date of our last production.

　　　2.　You asked for any and all documents or other materials the government obtained from Sure Sports Lending that have not already been disclosed. To my knowledge, there are no documents that fall into this category. (Please note that, in this answer and the others in this letter, I answer with reference to documents in the possession, custody, or control of the prosecution team, which I refer to as "the government," not the Securities and Exchange Commission. Beyond those materials that the SEC turned over to the government, I do not know the extent of the documents the SEC possesses.)

　　　3.　You asked for the player loan and investor agreement(s) for Athlete 4 and the player loan for Athlete 5. Defining "player loan" as you did in your e-mail to me of August 2, 2016 (essentially, contracts or promissory notes between Capital Financial Partners and its athlete customers), I report that, to my knowledge, no player loans for these athletes are in the

government's possession, custody, or control. As alleged in the indictment, neither Athlete 4 nor Athlete 5 obtained a loan from Capital Financial Partners. *See* Indictment ¶¶ 22, 25.

If it is helpful, I expect that you will find draft versions of these player loans in the government's production. For example, on or about June 18, 2014, Mr. Allen e-mailed Investor B, attaching a file named "[Athlete 4] Loan Documents.T&R.11.17.14.pdf." You will find this document among the e-mails produced in August 2015 on the disc containing USAO-CFP-00023674–00023752.

As for the investor agreement for Athlete 4, you will find an example beginning at USAO-CFP-00019464. (Ms. Daub e-mailed a copy of this investor agreement to Investor B on or about November 17, 2014. *See* USAO-CFP-00019563.) Other examples may exist in the government's production. If you wish to look for them, I recommend searching in the documents belonging to Investor B (USAO-CFP-00019295–19584 and in the upcoming production) and among the e-mails produced in August 2015 on the disc containing USAO-CFP-00023674–00023752.

4.      You asked me to identify the player loans, which are not the subject of any count of the indictment, that I intend to introduce as evidence under Fed. R. Crim. P. 404(b), to establish relevant conduction, or to establish loss. I am not yet in a position to identify to you a complete list of fraudulent transactions that the government believes fall within the scheme alleged in the indictment. I expect, however, to have identified those transactions to you no later than the date by which the government's exhibit list is due to the Court, and I am willing to discuss the question with you earlier, if you wish.

5.      You asked for all victim/witness statements obtained for purposes of gathering information regarding substantial financial hardship, pursuant to U.S.S.G. § 2B1.1(b)(2). I will produce victim financial questionnaire responses and supporting documentation to you later this week.

6.      You asked for access to the original, signed player loan agreements. To my knowledge, those documents are not in the government's possession, custody, or control.

7.      You asked for access to the athletes' contracts with their respective teams. Aside from copies of such documents already produced to you or that may be produced to you as part of the victim questionnaire materials referenced in item 5, I am not aware of any such documents in the government's possession, custody, or control.

8.      You asked for complete versions of various bank statements from the Bank of America account ending in 8156. Today, we are producing to you a set of chronologically ordered, complete statements for that account covering the period December 2013, when the account was opened, through May 2015.

You also asked about the origin of the documents at USAO-CFP-00047607 through 00047655. Unlike some bank statements we obtained in this investigation, which were produced

to us in electronic form, those documents were produced to us by Bank of America in hard copy and were scanned so that we could produce them to you electronically.

In order to address any similar questions that may arise about the bank records that have been produced to you, I am today producing to you copies of bank records that the SEC sent to the FBI with their original SEC Bates numbers, and I expect to produce to you later this week copies of the hard copy records that the government received from Bank of America (produced to us predominantly in black and white, and therefore reproduced for you in black and white as well). It is my hope and expectation that this production can serve as a resource for you should further questions about bank records arise during your preparation for trial, but as always, I remain available to answer questions about this topic as they arise.

9.  You asked for the identity of any witness from whom I intend to elicit testimony to the effect that the signature on a particular player loan document is not the actual signature of the person purportedly signing. Although this answer is subject to change as trial approaches, at present, I only intend to elicit such testimony from Athlete 2.

The government is aware of its continuing duty to disclose newly discovered, additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(b)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

If you have any questions about my responses or the productions discussed in this letter, please feel free to call or write.

        Sincerely,

        CARMEN M. ORTIZ
        United States Attorney

By:   *Brian A. Pérez-Daple*
      Brian A. Pérez-Daple
      Assistant U.S. Attorney